**SCOTCH GAME CALL COMPANY, INC., Plaintiff,**

v.

**LUCKY STRIKE BAIT WORKS, LTD., Defendant.**

**No. 92–CV–176S.**

United States District Court, W.D. New York.

March 4, 1993.

---

Susan B. Flohr, Lalos & Keegan, Washington, DC, Michael E. Ferdman, Hiscock & Barclay, Local Counsel, Buffalo, NY, for plaintiff.

Raymond A. Kurz, Rothwell, Figg, Ernst & Kurz, Washington, DC, Richard T. Sullivan, Sullivan, Benatovich, Oliverio & Trimboli, Local Counsel, Buffalo, NY, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned pursuant to 28 U.S.C § 636(b)(1)(A) by Hon. William M. Skretny for all pretrial matters, including the hearing and disposition of all non-dispositive motions or applications.

Pending before the court is Defendant's motion for costs and expenses, including attorney's fees, incurred in obtaining an extension of time to respond to Plaintiff's first set of interrogatories and second set of document requests. For the following reasons, Defendant's request is granted.

### BACKGROUND

On November 20, 1992, Plaintiff served approximately 60 interrogatories (including subparts) and 40 document requests on Defendant. Defendant's responses were due on December 23, 1992.

Defendant is a small, family-owned business, and the holiday season is its busiest time of the year. As is not unusual in this district, Defendant was unable to respond to the discovery requests within the time allowed under the rules. Accordingly, on December 18, 1992, Defendant's counsel requested an extension of time to respond.

Without explaining or justifying its position, Plaintiff's counsel denied Defendant's request, forcing Defendant to move for a

protective order pursuant to Rule 26(c) for an extension of time to respond to the discovery demands. As part of its motion, Defendant sought costs and attorneys fees under Rule 37.

Rather than demonstrating a good faith effort to resolve this minor dispute, Plaintiff filed papers opposing Defendant's motion, in which Plaintiff's counsel offered *no reason whatsoever* for refusing to grant Defendant's requested extension or, for that matter, for opposing the motion. Plaintiff's counsel simply stated that Rule 37 did not authorize an award of fees and costs under these circumstances.

Oral argument on Defendant's motion was scheduled for January 11, 1993. Plaintiff's out-of-town counsel requested permission to appear by telephone, which was denied. Counsel was specifically instructed that, if the Plaintiff was insisting on opposing the motion, Plaintiff's counsel should appear in person to justify its position. Plaintiff then sent an associate of local counsel's firm to the argument, who had no knowledge of or prior involvement in the case and was unable to answer the Court's questions.

Not unexpectedly, this court granted Defendant's motion and gave Defendant until February 1, 1993 to respond Plaintiff's discovery requests. The court also allowed Defendant to submit an affidavit of expenses and a memorandum of legal authority in support of its request for attorneys fees, and gave Plaintiff an opportunity to respond. In response, Plaintiff filed a memorandum of law but waived a hearing on the request for expenses. Plaintiff does not challenge the amount claimed but only the legal basis for an award.

### DISCUSSION

After review of the relevant rules and caselaw, I find that sanctions are appropriate pursuant to 28 U.S.C. § 1927. That statute provides as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred as a result of such conduct.

The purpose of this statute is to deter unnecessary delays in litigation by imposing an obligation on attorneys throughout the conduct of the entire case to avoid dilatory tactics. *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991). An award of expenses under § 1927 is proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). An award pursuant to § 1927 may be imposed only against the offending attorney. *Id.* at 1273.

Furthermore, the court has the inherent power to sanction bad-faith conduct of attorneys or their clients apart from any of the statutory or rules provisions. *Chambers v. NASCO*, —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The exercise of this power is appropriate where there is clear evidence that the attorney's actions are taken for reasons of harassment or delay, or for other improper·purposes. *Oliveri v. Thompson, supra*, 803 F.2d at 1272; *Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 344 (2d Cir.1986).

An award of sanctions under either § 1927 or the Court's inherent power requires a clear demonstration of bad faith. *United States v. International Brotherhood of Teamsters, supra*, 948 F.2d at 1347. Based on the conduct of Plaintiff's counsel in these proceedings and the record before the Court, I am satisfied that the requirements for entering sanctions under both authorities have been met.

There can be no serious question that Plaintiff's attorneys' conduct here unreasonably multiplied the proceedings and was in bad faith. Plaintiff's counsel refused what the record shows to be a reasonable request for an extension of time, forced opposing counsel to file a motion for an extension, opposed the motion without making any ef-

fort whatsoever to justify or explain its position, sent an associate of local counsel's firm to the argument with no knowledge of the case and who could not explain the client's position, and forced the court to rule on an unnecessary motion. Such conduct cannot be condoned.

Plaintiff's counsel, in her brief in opposition to Defendant's request for costs and fees filed on February 8, 1992, for the first time attempts to explain why she failed to grant an extension to Defendant. Plaintiff's counsel does so by attaching a pleading which Plaintiff filed in opposition to Defendant's motion for an extension of time in a cancellation proceeding pending before the Trademark Trial and Appeal Board. This proceeding is apparently related to the instant case, but this Court is not a part of that proceeding and has no knowledge of pleadings submitted to that administrative body. This pleading, which is not in affidavit form, was apparently served on Defendant by mail on January 4, 1993. However, no mention was made of these proffered excuses or this pleading in Plaintiff's papers opposing the motion in the first instance in this case, which were filed January 5, 1993.

Nor was this pleading handed up to the Court at oral argument of the motion on January 11, 1993, in response to the Court's specific request for a written explanation of Plaintiff's counsel's reasons for refusing the extension. On January 19, 1993, when this Court signed the order granting Defendant's request for an extension, there still was nothing submitted to this Court to justify Plaintiff's counsel's conduct. Accordingly, I find this submission was too little, too late.

Not only did this conduct directly cause, at minimum, a 15–day delay in the receipt of responses to Plaintiff's own discovery requests, but it also directly caused the expense of a significant amount of time and effort by the Court to resolve this issue and added to the transactional costs of this litigation, all of which could easily have been avoided by a good-faith consideration of a reasonable request by Defendant.

Accordingly, pursuant to the referral authority of Judge Skretny's order (*see, e.g., Novelty Textile Mills, Inc. v. Stern,* 136

F.R.D. 63, 74–75 (S.D.N.Y.1991)), and based on the affidavits of Defendant's lead and local counsel, Defendant's motion for attorneys fees and expenses is granted. The law firm of Lalos & Keegan, Plaintiff's lead counsel, is directed to pay the amount of $1,499.07 to Defendant.

**SO ORDERED.**